# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Jeffrey Jackson and Maria Luz Castro,<br><br>    Plaintiffs<br>v.<br><br>CRP/Calida Palms Venture, LLC, a Delaware Limited Liability Company, et al.,<br><br>    Defendants | Case No. 2:26-cv-00934-JAD-DJA<br><br>**Order Granting Unopposed Motion to Dismiss**<br><br>ECF No. 3 |

Defendants CRP/Calida Palms Venture, LLC, Vegas; 888 Land Co LLC; and Susana Baltazar move to dismiss this housing-discrimination case filed by plaintiffs Jeffrey Jackson and Maria Luz Castro. This is the second incarnation of this case. The first-filed version was dismissed after the plaintiffs failed to respond to the defendants' motion to dismiss.[1] This court's November 13, 2026, dismissal order explained that Local Rule 7-2(d) provides that "'[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.' The court applies this rule and deems the plaintiffs' failure to respond to the motion to dismiss as consent to grant it."[2]

The plaintiffs, who remain represented by the same counsel, did not move for reconsideration of that dismissal or appeal it; instead, they refiled their complaint in a new action—the instant one. The defendants again moved to dismiss, this time asking for a with-

---

[1] *See* ECF No. 15 in 2:25-cv-01429-JAD-BNW.

[2] *Id*.

prejudice dismissal.[3] And again—and incredibly—the deadline to respond to that motion passed with no response by the plaintiffs.

Plaintiffs are represented by counsel. They've already had their claims dismissed once for failure to respond to a motion to dismiss, so they are well aware of Local Rule 7-2(d) and its consequences. I again apply the rule and deem the plaintiffs' failure to oppose the motion to dismiss as their consent to granting it. And because this is the second time that the plaintiffs have put the defendants through this process apparently needlessly, the dismissal is with prejudice.

IT IS THEREFORE ORDERED that the motion to dismiss **[ECF No. 3] is GRANTED, and this case is DISMISSED with prejudice.** The Clerk of Court is directed to **ENTER JUDGMENT accordingly and CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
May 13, 2026

---

[3] ECF No. 3.