**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Jeffrey Jackson et al.,

Plaintiffs

v.

CRP/Calida Palms Venture LLC, et al.,

Defendants

Case No.: 2:26-cv-00934-JAD-DJA

**Order Granting in Part Motion for Attorneys' Fees**

[ECF No. 7]

Back in May, I entered judgment against Jeffrey Jackson and Maria Luz Castro on their Fair Housing Act claim after they failed to oppose Calida Palms Venture's motion to dismiss. Jackson and Castro had previously filed a substantively identical complaint that was dismissed after they similarly failed to oppose the defendant's motion to dismiss. The defendants now move for an award of $18,144 in attorneys' fees that they incurred litigating this case and its predecessor. The motion is unopposed. Because this second lawsuit was clearly frivolous and duplicative, I grant the request to award the fees incurred litigating this action, but I deny the motion as to fees incurred in the previous action.

**Discussion**

The Fair Housing Act states that "[i]n a civil action under subsection (a), the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee and costs."[1] The Supreme Court explained in *Christiansburg Garment Co. v. Equal Employment Opportunity Commission* that attorneys' fees provisions in the Civil Rights Act are supported by Congress's desire to allow courts to award attorneys' fees to prevailing civil-rights plaintiffs because in doing so "it is awarding them against a violator of federal law" and that "a district court may in

[1] 42 U.S.C. § 3613(c)(2).

its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith."[2]

The defendants argue that "[t]he refiling of a previously dismissed, meritless complaint—without curing any of the deficiencies—and the subsequent abandonment of that refiled complaint through failure to oppose dismissal, renders Plaintiffs' claims frivolous and without foundation."[3] They assert that the claims satisfy the *Christiansburg* standard because the complaint here was "substantively identical" to a previously dismissed complaint, and that the plaintiffs were "on full notice of the deficiencies in their original complaint" because the defendant's motion to dismiss in the prior action laid them out.[4]

28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."[5] The defendants argue that plaintiffs' counsel, Aniela K. Szymanski, engaged in "precisely the type of conduct that § 1927 is designed to deter" by refiling a substantively identical complaint under a new case number instead of pursuing available procedural remedies in the original case.[6]

Counsel for the prevailing Calida Palms Venture seek fees of $18,144 and $89.10 in costs incurred by using Lexis to do legal research.[7] According to the invoices the defendants

---

[2] *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 418, 420 (1978).

[3] ECF No. 7 at 3.

[4] *Id.*

[5] 28 U.S.C. § 1927.

[6] ECF No. 7 at 4.

[7] ECF No. 8 at 4, 7.

have attached, $13,068 in fees were billed for professional services rendered through October 29, 2025, and another $1,026 were billed for services rendered in the following two months.[8] The remaining $4,050 were incurred for services rendered in March and April of 2026, after the second action was filed.[9]

The second action filed by the plaintiffs meet the *Christiansburg* standard—even if that second case was not brought in bad faith, it was clearly unreasonable to file a substantively identical complaint after failing to file any opposition to the motion to dismiss the first time around. And it meets the standard set out in § 1927 because it forced defense counsel to analyze another complaint and draft another motion to dismiss. So I find that it is reasonable for counsel to seek $4,050 in attorneys' fees. The lawyers calculate their fee request based on the work performed at their billing rates, which I find to be commensurate with market rates in this jurisdiction. Based on counsel's affidavit,[10] the billing records,[11] my review of the docket in this case, and my familiarity with the course of this action, I find that the hours worked and amounts billed are reasonable in light of the skill, experience, time, and labor required; the novelty and difficulty of the questions involved; the results obtained; and fee awards in similar cases.

But I do not find that an award for the remaining fees is warranted because that amount was incurred in litigating with the initial action, not this one. The Ninth Circuit has held on several occasions that § 1927 "cannot be applied to an initial proceeding"[12] and that § 1927

---

[8] ECF No. 8-1 at 2, 14, 18.

[9] *Id.* at 20.

[10] ECF No. 8.

[11] ECF No. 8-1.

[12] *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) (citing *Zalvidar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir. 1986)).

sanctions "must be supported by a finding of subjective bad faith."[13] Applying the logic that § 1927 is designed to deter attorneys from frivolously *multiplying* proceedings, it would be inappropriate to sanction plaintiff's counsel for filing the initial action. And the initial proceeding does not meet the *Christiansburg* standard because the complaint was not frivolous, unreasonable, or without foundation on its face. I also deny the defendants' request for $89.10 in costs for legal research on Lexis under Local Rule 54-11(g), which states that computer-research fees are not typically recoverable.[14]

So **I grant the motion for attorneys' fees [ECF No. 7] in part and award the defendants $4,050.** Plaintiffs' counsel Aniela K. Szymanski is directed to personally satisfy this amount as permitted by 28 U.S.C. § 1927. The Clerk of Court is directed to **ENTER AN AMENDED JUDGMENT** that adds this fee award to the prior final judgment [ECF No. 6].

U.S. District Judge Jennifer A. Dorsey
November 24, 2026

[13] *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989).

[14] L.R. 54-11(g).